# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELVIN SETTLE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 4:13CV1852 JCH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed as successive.

### **Procedural History**

After a jury found movant guilty of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, movant was sentenced on October 30, 2008, to 120 months' imprisonment and ten years' supervised release. See United States v. Settle, No. 4:07CR759 JCH (E.D. Mo.). Movant did not file a direct appeal of his conviction and sentence.

The Court's records show that movant filed his first § 2255 motion to vacate on March 9, 2009.  See Settle v. United States, No. 4:09CV385 JCH (E.D. Mo). The motion was denied on the merits.  The United States Court of Appeals for the Eighth Circuit denied movant a certificate of appealability and dismissed the appeal. Settle v. United States, No. 09-2096 (8th Cir. 2009). Movant's petition for a writ of certiorari was denied.

Movant filed his second motion to vacate on August 23, 2012.  See Settle v. United States, No. 4:12CV1534 JCH (E.D. Mo.). The motion was denied and dismissed by this Court as successive.  Movant did not appeal the dismissal.

**Legal Standard**

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief.  As a result, the motion appears to be subject to summary dismissal.  Movant argues otherwise.

**Discussion**

-2-

In the instant motion, filed on September 17, 2013, movant asserts a claim under Brady v. Maryland, 373 U.S. 83 (1963) (involving the government's suppression of material evidence favorable to the accused). Specifically, he states that his arrest warrant was based on "fabricated evidence" that he allegedly uncovered, on September 12, 2012, through FOIA requests to DEA Agent John McGarry. He claims that the actual address that Agent McGarry testified to as the place where movant was allegedly found in possession with a large amount of currency is fabricated. To put it simply, movant states that he found out in September of 2012 that Agent McGarry had testified, under oath, that he found movant with money derived from drug sales at 3000 Cardinal, St. Louis City. Movant asserts that there is no such place. Thus, movant argues that Agent McGarry committed "fraud and fabricated evidence as a pretense for probable cause" to obtain a seizure form, get a Grand Jury indictment against movant, and provide false evidence at both the suppression hearing and the jury trial. However, movant has neglected to explain the significance of the allegedly incorrect address and its materiality on the weight of the other evidence presented to the jury relating to the offenses for which he was found guilty.

Several circuit courts have confronted the issue of whether claims brought pursuant to Brady are subject to the AEDPA's second or successive petition

restrictions. Most circuits are in agreement that Brady claims are not exempt from the second or successive restrictions. See, e.g., Quezada v. Smith, 624 F.3d 514, 520 (2d Cir. 2010) (applying § 2244(b) to Brady claim); In re Siggers, 615 F.3d 477, 479 (6th Cir. 2010) (same); Tompkins v. Secretary, Dept. Of Corrections, 557 F.3d 1257, 1259-60 (11th Cir. 2009), cert. denied, 129 S. Ct. 1305 (2009) (holding that all second-in-time Brady claims are subject to AEDPA's gatekeeping provisions); Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000) (same); see also Johnson v. Dretke, 442 F.3d 901, 911 (5th Cir. 2006) ("a successive petitioner urging a Brady claim may not rely solely upon the ultimate merits of the Brady claim in order to demonstrate due diligence under § 2244(b)(2)(B) where the petitioner was noticed pretrial of the existence of the factual predicate's ultimate potential exculpatory relevance").

The Ninth Circuit, on the other hand, has ruled that Brady claims are not categorically exempt from the gatekeeping provisions, although second-in-time Brady claims that do not establish the materiality of the suppressed evidence are subject to dismissal. U.S. v. Lopez, 577 F.3d 1053, 1064-68 (9th Cir. 2009), cert. denied, 2010 WL 266034 (U.S. 2010); see also, King v. Trujillo, 638 F.3d 726, 733 (9th Cir. 2011).

Although the Eighth Circuit has not clearly stated that all Brady claims in second § 2255 motions require preauthorization regardless of materiality, the Court of Appeals has indicated that if the movant raises only nonmaterial Brady claims,

finding such claims to be second or successive is consistent with the AEDPA's goals of "finality, prompt adjudication, and federalism." See Crawford v. Minnesota, 698 F.3d 1086, 1090 (8th Cir. 2012), quoting Evans, 220 F.3d at 321.

In this case, the gist of movant's argument appears to be that a certain address – the 3000 block of Cardinal Street in St. Louis City – does not exist and therefore any testimony about that address that arose pre-indictment, during his suppression hearing and during his trial was prejudicial to his case. This Court cannot agree. In this case there was overwhelming evidence of movant's guilt presented to the jury of movant's involvement in a conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, regardless of the exact street address where movant's car was when he was observed removing a duffle bag with more than $700,000 in currency from it. Therefore, the issue of the "alleged fabrication" of the address is not an issue that appears material to movant's Brady claim.

The Court therefore concludes that movant's third motion to vacate, set aside or correct sentence is "second or successive" and that he is required to obtain preauthorization from the Court of Appeals before this Court can review the merits of his petition.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DENIED and DISMISSED as SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be granted.

Dated this 26th day of September, 2013.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE